## DAVE DAVIS v. THE STATE.

### No. 82.   Decided January 12, 1910.

**1.—Local Option—Continuance—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared that no bill of exceptions had been reserved to the court's action in overruling an application for continuance, the same could not be considered.

**2.—Same—Law in Force—Statement of Facts—Publication.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record, as amended, that the defects in the statement of facts were cured and supplied in respect to the publication of the result of the local option election in a newspaper, showing such publication, as required by law, there was no error.

Appeal from the County Court of Wise. Tried below before the Hon. C. V. Terrell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

This is the second appeal of this and companion cases; the first appeal will be found in 52 Texas Crim. Reports, 546. The original information was filed March 21, 1907. At the time of the submission of this case Judge McCord was still the Assistant Attorney-General and represented the State.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law. The record is without bills of exception.

The motion for new trial raises two questions. First, the court erred in refusing the motion for continuance; and, second, that the

evidence does not show the local option law to have been in force in the county. In respect to the application for continuance it is sufficient to state that while there was quite a contest over it in regard to diligence, it can not be considered, because a bill of exceptions was not reserved to the court's refusing to grant the motion. In regard to the second ground, we are of opinion that the evidence shows that the law was in force. The statement of facts as now before us cures the defects in the statement of facts, as originally copied in the transcript, in respect to the publication of the result of the election in a newspaper. Without going into a discussion of the matters further, we hold that the statement of facts as now presented is sufficient and shows clearly that the fact of the publication was preserved and formed a part of the original statement of facts.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

McCord, Judge, not sitting.